**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

Z.D. a minor by and through William
Darling, his father, and Janine Barry, his
mother; WILLIAM DARLING; and
JANINE BARRY;

        Plaintiffs,

v.                                         Case No. 6:13-cv-1893-Orl-37DAB

THE UNITED STATES OF AMERICA;
and BRETT J. LOBRE,

        Defendants.

**ORDER**

This matter is before the Court on the Motion to Dismiss by Defendant Brett J. Lobre (Doc. 22), filed May 20, 2014.

**BACKGROUND**

Plaintiff Z.D. is a minor who was riding his bike on Creel Street in Melbourne, Florida, when Defendant Brett J. Lobre allegedly struck Z.D. with his 2008 Ford F-150, causing severe and permanent injuries to Z.D. (*See* Doc. 1, ¶¶ 8, 22; *see also* Doc. 1-1, pp. 3, 16.) Plaintiffs allege that at the time of the collision, Lobre "was a Chief Petty Officer who was a member or/and an employee, agent and/or servant of the United States Navy," and he was "providing transportation to officers going on leave." (*See* Doc. 1, ¶¶ 4–6, 9–10.)

Z.D. is represented in this action by his parents, Plaintiffs William Darling and Janine Barry. (*See id.* at 1.) Plaintiffs assert vicarious liability claims against the United States of America (Doc. 1, ¶¶ 1–18 (Count I)), and negligence claims against Lobre (*id.*

¶¶ 19–25 (Count II)). Plaintiffs Darling and Barry also assert loss of consortium claims against Lobre and the United States. (*See id.* ¶¶ 17–18, 24–25.)

The United States filed an answer (Doc. 15), and denied all allegations that Lobre was an employee or that he was performing a job-related duty at the time of the collision. (Doc. 15, ¶¶ 4–6, 9.) Lobre moved to dismiss the claims against him. (Doc. 22.) Plaintiffs filed no response to the motion to dismiss, and the deadline for doing so has passed. *See* Local Rule 3.01(b).

## LEGAL STANDARDS

When a complaint "fails to state a claim to relief that is plausible on its face," the defendant may request dismissal under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). In resolving a 12(b)(6) motion, courts must accept all well-pled factual allegations—but not legal conclusions—in the complaint as true. *Tellabs*, 551 U.S. at 323; *e.g.*, *Iqbal*, 556 U.S. at 672 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). After disregarding allegations that "are not entitled to the assumption of truth," the court must determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then whether the complaint is plausible on its face. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

Lobre contends that the claims against him should be dismissed because: (1) he is absolutely immune from any claims arising from acts "committed within the course and scope" of his employment as a federal employee; (2) the Complaint explicitly alleges that he was acting within the scope of his employment; and (3) the Complaint

2

includes no allegations that he was acting outside the scope of his employment. (Doc. 22, p. 4 (citing 28 U.S.C. § 2679(b)(1)).) Plaintiffs have not filed a response to these arguments.

Lobre is correct that the Liability Reform Act, which amended the Federal Tort Claims Act, shields "all federal employees from personal liability" for torts committed in the scope of their employment. *See Levin v. United States*, 133 S. Ct. 1224, 1229–30 (2013). When a tort claim is asserted against a federal employee for actions taken in the course of his employment, the claim against the employee is dismissed, and the United States often is substituted for the employee. *See McGuigan v. Nance*, No. 8:20-cv-1794-T-30TBM, 2010 WL 3835833, at *2 (M.D. Fla. Sept. 29, 2010) (substituting United States for federal employee in tort action); *Parbs v. United States*, No. 2:09-cv-343-FtM-29DNF, 2010 WL 963472, at *2 (M.D. Fla. Mar. 15, 2010) (same); *Mejia v. United States*, No. 6:09-cv-1348-Orl-31GJK, 2009 WL 3710690, at *1 (M.D. Fla. Nov. 5, 2009) (dismissing unopposed motion to dismiss federal employee); *see also Donaldson v. United States*, No. 6:09-cv-1049-Orl-28GJK, 2011 WL 915571, at *2 (M.D. Fla. Mar. 16, 2011) (noting that the United States was substituted for naval officer in suit arising from an automobile/bicycle collision). Accordingly, Lobre's unopposed motion is due to be granted. However, because the United States denies that Lobre was acting within the scope of his employment (Doc. 15, ¶¶ 4–6, 9), and Plaintiffs are entitled to plead in the alternative, the Court will afford the Plaintiffs an opportunity to amend their Complaint to state a claim against Lobre.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Dismiss by Defendant Brett J. Lobre (Doc. 22) is **GRANTED**.

2. All claims asserted against Defendant Brett J. Lobre are dismissed without prejudice.

3. Plaintiff is granted leave to file an Amended Complaint in conformance with the requirements of this Order on or before June 27, 2014.

4. If Plaintiff fails to timely file an Amended Complaint, then this action will proceed solely with respect to Plaintiff's claims against the United States of America.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 12, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record