**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

Z.D., a minor, by and through WILLIAM
DARLING, his father, and JANINE
BARRY, his mother,

        Plaintiffs,

v.                                            Case No. 6:13-cv-1893-Orl-37DAB

UNITED STATES OF AMERICA,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiffs' Motion for Partial Summary Judgment on the Issue of Vicarious Liability of the Defendant, United States of America (Doc. 47), filed April 14, 2015; and

2. United States of America's Response to Plaintiffs' Motion for Partial Summary Judgment (Doc. 48), filed April 28, 2015.

## BACKGROUND

This tragic personal injury action was brought by the parents of a minor—Z.D.—who was severely and permanently injured in a collision between Z.D. and a 2008 Ford F-150 truck driven by Brett J. Lobre ("Lobre") on Creel Street in Melbourne, Florida on April 12, 2011 ("Accident"). (*See* Doc. 29.) Contending that Lobre was "performing a job related service" for the United States Navy ("Navy") at the time of the Accident, Plaintiffs assert vicarious liability claims against the United States of America ("Defendant")

pursuant to the Federal Tort Claims Act ("FTCA").[1] (*See* Doc. 29, ¶¶ 1–18; Doc. 29-1, pp. 3, 11–12, 16, 21–22; Doc. 29-2, pp. 17–18.) Defendant has repeatedly denied that Lobre was acting within the scope of his employment when the Accident occurred. (*See* Doc. 31; *see also* Doc. 29, ¶ 14.) Although discovery is ongoing and trial is a year away (*see* Docs. 46, 49), Plaintiffs filed a Motion for Partial Summary Judgment that Defendant is "vicariously responsible" for the allegedly negligent acts of Lobre (Doc. 47). Defendant filed a Response (Doc. 48), but Plaintiff did not file a Reply to the Response as permitted by the Court's Amended Case Management and Scheduling Order (Doc. 49, Part II.H.1). For the reasons set forth below, the Court finds that Plaintiffs' Motion is due to be denied.

## STANDARDS

**I.     Summary Judgment**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the movant makes such a showing, then the court should grant summary judgment unless the non-moving party presents "affirmative evidence to show that a genuine issue of material fact exists." *See Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006); *see also* Fed. R. Civ. P. 56(c)(1). In resolving a summary judgment motion, the Court must view the record evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *See Liberty Lobby*, 477 U.S. at 248.

---

[1] The Court dismissed Lobre from this action (Docs. 36, 37) after the Plaintiffs and Lobre filed a notice of settlement (Doc. 33).

## II.     FTCA

The FTCA provides a limited waiver of Defendant's sovereign immunity in actions to recover "money damages" for:

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *see* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.").

A member of the "naval forces of the United States" is an "employee of the Government," and he acts "within the scope of his office or employment" when he is "acting in [the] line of duty." *See* 28 U.S.C. § 2671. "'Line of duty,' in turn draws its meaning from the applicable state law of respondeat superior, taking into account the special factors and characteristics of military activity and discipline."[2] *Bennett v. United States*, 102 F.3d 486, 488–89 (11th Cir. 1996); *see Craft v. United States*, 542 F.2d 1250, 1255–56 (5th Cir. 1976) (determining whether a soldier "was acting in the line of duty . . . requires an examination of the [s]oldier's actions at the time" of the plaintiff's injury).[3]

---

[2] Under Florida respondeat superior law, an employer is vicariously liable for its employee's conduct where: "(1) the conduct is of the kind [the employee] was employed to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed; and (3) the conduct is activated at least in part by a purpose to serve the master." *See Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.*, 783 So. 2d 353, 356 (Fla. 3d DCA 2001).

[3] The decisions of the U.S. Court of Appeals for the Fifth Circuit, which that court handed down "prior to the close of business" on September 30, 1981, are "binding as

3

Generally, if a military employee injures someone while "performing a specific duty which had been assigned to him" by a superior—such as traveling to a duty station from home or from another duty station—then he is acting in the line of duty and the government may be held vicariously liable under the FTCA. *See St. Paul Guardian Ins. Co. v. United States*, 117 F.Supp.2d 1349, 1354–55 (S.D. Fla. 2000); *e.g., Bettis v. United States*, 635 F.2d 1144, 1147 (5th Cir. 1981) (holding that enlisted person's unauthorized use of military vehicle did not subject government to vicarious liability under the FTCA); *Stone v. United States*, 408 F.2d 995, 996 (5th Cir. 1969) (holding that enlisted person did not act in the line of duty when traveling to a military base in a manner that was not authorized by order of superior); *Kunkler v. United States*, 295 F.2d 370, 372 (5th Cir. 1961) (same). The issue is "one of fact" that should be resolved after a trial where there is a "'relationship between the employee's wrong and the employer's interest.'" *Andersen v. United States*, No. 09-60364-CIV, 2009 WL 6633307, at *5 (S.D. Fla. Oct. 21, 2009) (quoting *Forster v. Red Top Sedan Svc.*, 257 So. 2d 95, 96 (Fla. 3d DCA 1972)).

## DISCUSSION

Based solely on a small portion of Lobre's deposition testimony (Doc. 47-1), Plaintiffs argue that they are "entitled to judgment as a matter of law" that Defendant is "vicariously responsible" for Lobre's allegedly negligent acts because "there is no genuine dispute as to any material fact" that Lobre "was acting in the course and scope of his employment" with the Navy at the time of the Accident (Doc. 47, pp. 4–5). Defendant counters that summary judgment is not appropriate because genuine issues

---

precedent in the Eleventh Circuit." *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

of material fact concerning the scope of Lobre's employment are apparent from the record.[4] (*See* Doc. 48, pp. 7–8.)

Viewed in the light most favorable to Defendant, the record evidence is that on April 12, 2011:

(1) Lobre was an Electronics Technician employed by the Navy and was "assigned to the Port Operations Unit of the Naval Ordnance Test Unit at Cape Canaveral Air Force Station" ("Station") (*see* Doc. 48-3, p. 10; *see also* Doc. 48-1, p. 8);

(2) Lobre used his own truck to drive his friend—Lt. Cody—from the Station to the Orlando International Airport ("Airport"), after Lt. Cody asked Lobre for the ride as a "personal favor" (*see* Doc. 48-1, pp. 22, 27–29; Doc. 48-2, pp. 2–3);

(3) Lt. Cody and Lobre were wearing civilian clothes and discussed personal matters on their trip to the Airport (Doc. 48-2, p. 2);

(4) Lobre did not file a travel voucher with the Navy for the trip, which is something he could have done if he had made the trip on military orders (Doc. 48-1, p. 29);

(5) After Lobre dropped Lt. Cody off at the Airport "between 4:30 and 5:30," Lobre drove toward his home in Satellite Beach with a plan to stop at Walmart (*see id.* at 22–25); and

(6) When the Accident occurred at 6:53 p.m., Lobre was on "liberty hours" and was not "on orders or official Navy business" (*see* Doc. 48-3, pp. 5, 8; *id.* at 10 ("There is no person who specifically recalls authorizing or giving permission to [Lobre] to take [Cody] to the [Airport]. There was also no known written order issued."); *see also* Doc. 48-4, p. 2 (Lobre "was on duty until 4:00 p.m.")).

The Court agrees with Defendant that the foregoing evidence raises sufficient questions of material fact to require a trial on the issue of vicarious liability.[5] *See Abraham v.*

---

[4] To support its counter-argument, Defendant filed: (1) the complete deposition transcript for Lobre (Doc. 48-1); (2) the sworn declaration of Lieutenant Daniel Evan Cody ("Lt. Cody") (Doc. 48-2); and (3) Defendant's Responses to Plaintiffs' First Set of Interrogatories (Doc. 48-3) and to Plaintiffs' Requests for Admissions (Doc. 48-4).

[5] Given all of the record evidence, the fact that Lobre could have been called to duty at any time is insufficient to establish vicarious liability as a matter of law. *See*

5

*United States*, 932 F.2d 900, 903 (11th Cir. 1991) (reversing entry of summary judgment that government was vicariously liable for conduct of its employee); *Andersen*, 2009 WL 6633307, at *5.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Partial Summary Judgment on the Issue of Vicarious Liability of the Defendant, United States of America (Doc. 47) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 10, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

*Bennett*, 102 F.3d at 489 (rejecting argument that government was liable for soldier's off-duty conduct simply because he was at the military barrack and could be called to duty at any time).